

JOHN W. HUBER, United States Attorney (#7226)
VEDA M. TRAVIS, Assistant United States Attorney (#6449)
J. DREW YEATES, Assistant United States Attorney (#9811)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 1:17-CR-00027 |
|---|---|
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT |
| vs. | |
| KEVIN DEAN RASBAND, | Judge Ted Stewart |
| Defendant. | |

   I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

   1.   As part of this agreement with the United States of America ("United States"), I intend to plead guilty to Counts I, III and IV of the Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the United States is required to prove in order to convict me. The elements of Counts I and III, Credit Union Robbery are:

   By the use of force, violence or intimidation, I took money from the person and presence of a teller,

   The money belonged to and was in the care, custody, control, management or possession of a credit union;

   At the time, the credit union was insured by the National Credit Union Administration.

The elements of Count IV, Using, Carrying or Brandishing a Firearm during a Crime of Violence are:

During and in relation to a crime of violence, specifically the credit union robbery alleged in Count III,

I knowingly used, carried and brandished a firearm.

    2.    I know that the maximum possible penalty provided by law for Counts I and III of the Indictment, violations of 18 U.S.C. § 2113(a), is a term of imprisonment of twenty (20) years, a fine of $250,000.00, a term of supervised release of three (3) years, and any applicable forfeiture. I also know that the maximum possible penalty provided by law for Count IV of the Indictment, a violation of 18 U.S.C. § 924(c), is life in prison with a minimum mandatory consecutive sentence of at least seven (7) years. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

    a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, I understand that restitution to the victims of my offenses will be ordered pursuant to 18 U.S.C. § 3663A.

    b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

    3.    I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

    4.    I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

    5.    I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

    6.    I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

    a. I have a right to the assistance of counsel at every stage of the proceeding.

    b. I have a right to see and observe the witnesses who testify against me.

    c. My attorney can cross-examine all witnesses who testify against me.

    d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

    e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

    f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

    g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

    h. It requires a unanimous verdict of a jury to convict me.

    i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.]

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

    I admit that on February 11, 2017, I was fully covered in black when I confronted two employees at the Goldenwest Credit Union, 131 West 200 North, Kaysville, Utah, as they were opening the business. I further admit

3

that I pointed a gun at the two and ordered them to take me to the vault which they did. After the vault was opened, I ordered the employees to put money in a bag which I had provided to them. The employees complied and put approximately $23,300 in United States currency in the bag. I further admit that on March 29, 2017, I confronted an employee at the First Federal Credit Union, 1173 North Shepard Creek Parkway, Farmington, Utah, as the employee was opening the business. I was again fully covered and again was carrying a gun. I told the employee that she needed to get cash for me and directed the employee to the vault. When the employee could not get into the vault, she indicated that another employee with a separate code would be needed, and offered money from her drawer which I took. I then detained the employee until a second employee arrived. The two were still unable to get into the vault and the second employee also gave me money from her till. I then fled the credit union and while running away, a dye pack which had been placed in the bag went off. I dropped the bag with the money and also dropped the gun I was carrying, a Ruger 9mm which was loaded. I agree that at the time of each of these robberies, the Goldenwest Credit Union, 131 West 200 North, Kaysville, and the First Federal Credit Union, 1173 North Shepard Creek Parkway, Farmington, were insured by the National Credit Union Administration.

    12.    The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

    a. **Guilty Plea.** I will plead guilty to Counts I, III and IV of the Indictment.

    b. **Dismissal of Counts.** The United States agrees to move for leave to dismiss Count II at the time of sentencing.

    c. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court may take these facts into consideration in sentencing.

    d. **Acceptance of Responsibility.** The United States agrees to recommend that I be given a three-level reduction for acceptance of responsibility if the offense level is 16 or greater, or a two-level reduction if the offense level is less than 16, if, in the opinion of the United States, I clearly demonstrate acceptance of responsibility for my offenses up to, and including, at the time of sentencing, as set forth in § 3E1.1 of the

Sentencing Guidelines.

    e. **Appeal Waiver.**

        (1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.

        (2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

        (3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

        (4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

    f. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

    g. **Restitution.**

        (1) I agree that I am subject to mandatory restitution because my case falls within the provisions of 18 U.S.C. § 3663A(a)(1) and (c)(1) based on the charges to which I am pleading guilty. My attorney has explained what mandatory restitution

means. I also agree to pay restitution to victims of unpleaded or uncharged relevant conduct pursuant to 18 U.S.C. § 3663A(a)(3).

I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664. I agree to pay all restitution as ordered by the Court. I agree that the payment and enforcement of my restitution order is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(2) I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

h. **Waiver of Interest.** The United States agrees to recommend that the Court waive interest for fines and restitution assessed against me.

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\* \* \* \*

I make the following representations to the Court:

1. I am _33_ years of age. My education consists of _Master's Degree_. I _____ [(can)/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 21st day of October, 2019.

KEVIN DEAN RASBAND
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his [her] rights to him [her], and that I have assisted him [her] in completing this written agreement. I believe that he [she] is knowingly and voluntarily entering the plea with full knowledge of his [her] legal rights and that there is a factual basis for the plea.

DATED this 21st day of October, 2019.

SPENCER W. RICE
Attorney for Defendant

  I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 21st day of October, 2019.

                /s/ Veda M. Travis
                VEDA M. TRAVIS
                Assistant United States Attorney